UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JEROD L. NIELSON,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>J.W. COX, IN HIS CAPACITY AS WARDEN OF YANKTON FEDERAL PRISON CAMP;<br><br>　　　　Respondent. | 4:21-CV-04047-KES<br><br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is before the court on the *pro se* habeas petition pursuant to 28 U.S.C. § 2241 of Jerod L. Nielson, an inmate at the Yankton Federal Prison Camp in Yankton, South Dakota. See Docket No. 1. Respondent ("the government") now moves to dismiss Mr. Nielson's petition for lack of subject matter jurisdiction, among other grounds. See Docket No. 11. Mr. Nielson resists the motion. See Docket No. 14. This matter was referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, district court judge.

## FACTS

Mr. Nielson was sentenced on June 8, 2017, and is currently serving a 97-month sentence of imprisonment for possession with intent to distribute methamphetamine, cocaine, and heroin. See Docket No. 1, p. 1, ¶ 4; Docket

No. 13 at p. 2, ¶ 4.  His projected release date is May 15, 2022, via an early release for successful completion of RDAP.  Docket No. 13 at p. 2, ¶ 4.

Mr. Nielson filed his petition arguing his release date should have been in October, 2020.  His calculation includes an asserted 13.5 months of earned time credit along with Mr. Nielson's prediction that he would be given home release six months prior to his actual release date.  See Docket No. 1 at p. 7.  Mr. Nielson's assertion is based on the First Step Act ("FSA") discussed in more detail below.  Id.  Under the FSA, Mr. Nielson argues he has completed 27 months worth of programming and productive activity and is entitled to 13.5 months' credit against his sentence thereby.  Id.  Included in the programming Mr. Nielson wishes to be credited for under the FSA includes at least some programming completed *prior to* the enactment of the FSA.  Id. at p. 6 (asserting programming engaged in during September, 2018, qualifies for FSA credits).

## DISCUSSION

The First Step Act ("FSA"), Public Law No. 115-391, was enacted into law on December 21, 2018.  Mr. Nielson invokes the portion of the FSA dealing with an inmate's ability to earn credits allowing him to secure earlier release from prison.

Congress directed the Bureau of Prisons ("BOP") to develop a system to assess each inmate's risks and needs.  18 U.S.C. § 3632(a).  That risk and needs assessment tool was required to be completed no later than July 19, 2019.  Id.  The BOP met this deadline by announcing the development of its

Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") tool on July 19, 2019. See Press Release 19-784, U.S. Dep't of Justice, <u>Department of Justice Announces the Release of 3,100 Inmates Under the First Step Act, Publishes Risk and Needs Assessment System</u> available at https://www.justice.gov/opa/pr/department-justice-announces-release-3100-inmates-under-first-step-act-publishes-risk-and (last checked May 14, 2021).

Congress then directed the BOP to apply this assessment (the PATTERN tool) to determine each inmate's needs for programming appropriate to him. 18 U.S.C. § 3632(a)(3). This step was required to be completed 180 days after the creation of the PATTERN tool, or by January 15, 2020. The BOP met this deadline by screening all inmates using the PATTERN tool as announced on January 15, 2020. See Press Release 20-37, U.S. Dep't of Justice, <u>Department of Justice Announces Enhancement to the Risk Assessment System and Updates on First Step Act Implementation</u> available at https://www.justice.gov/opa/pr/department-justice-announces-enhancements-risk-assessment-system-and-updates-first-step-act (last checked May 14, 2021).

Congress created in the FSA a system of "time credits" to encourage inmates to participate in the particular programming needed by them as indicated by their PATTERN assessment. 18 U.S.C. § 3632(d). Under the FSA, time credits may be earned by eligible prisoners who successfully complete the right type of programming or productive activities. 18 U.S.C. § 3632(d)(4)(A). Time credits for the right kind of programming are awarded at the rate of "10

days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). An inmate may receive for an additional 5 days' credit for every 30 days, thus meaning such an inmate would receive 15 days' credit or 50%, if certain other conditions are met. See 18 U.S.C. § 3632(d)(4)(A)(ii).[1]

Not all programs or activities an inmate participates in qualify for these time credits. Id., and §§ 3635(3), (5). Inmates may not count time credits earned prior to the enactment of the FSA under these provisions nor may they count programming completed before the commencement of their sentences. 18 U.S.C. § 3632(d)(4)(B).

The final deadline contained in the FSA directs the BOP to phase in the entire program for all prisoners by January 15, 2022. 18 U.S.C. § 3621(h)(2). During the final phase-in period, the BOP is to provide priority to inmates based on the proximity of their release dates. 18 U.S.C. § 3621(h)(3). Congress specified that, during the phase-in period, the BOP "may begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of" the date of enactment of the FSA. 18 U.S.C. § 3621(h)(4).

Mr. Nielson alleges he should be credited for 13.5 months of programming against his sentence of incarceration. See Docket No. 1 at p. 7;

---

[1] The other conditions are that (1) the inmate must have a PATTERN score of low or minimum and (2) he must have not increased his risk of recidivism over two consecutive assessments. 18 U.S.C. § 3632(d)(4)(A)(ii). Petitioner uses this 50% figure in calculating the credits he believes he should be credited with.

4

Docket No. 14 at p. 2. He takes issue with the BOP refusing to consider some of the classes and programs he has completed because they are not within his needs as assessed under PATTERN. See Docket No. 14 at pp. 1-2. He also argues the amount of time he is being credited with is not in keeping with the FSA. Id. Finally, he argues the credits he claims he has earned should be applied now to effect his immediate release. Mr. Nielson's claim to receive credit immediately in the here and now for whatever programming he has completed rests upon his reading of the FSA under which the BOP is required to implement the FSA fully right now.

The government argues, to the contrary, that it need not fully implement the FSA until January 15, 2022. See Docket No. 12 at pp. 12, 14-17. Until that date comes, the government argues, Mr. Nielson's claim is not ripe. Id. Because Mr. Nielson's claim is unripe, the respondent asserts this court is without subject matter jurisdiction to consider his petition. Id.

Chief Judge Roberto A. Lange, in a thorough opinion on this very subject, has ruled in favor of the government. See Holt v. Warden, 4:20-cv-04064-RAL, Docket No. 32 (D.S.D. May 13, 2021)(copy attached hereto). This court incorporates by reference herein the entirety of Chief Judge Lange's reasoning and authority. In short, only one court has ruled that the BOP is under an obligation to begin crediting inmates with earned FSA time credits prior to January 15, 2022. Id. at p. 10 (citing Goodman v. Ortiz, Civ. No. 20-7582 (RMB), 2020 WL 5015613 (D.N.J. Aug. 25, 2020). The majority of other courts

5

to address the issue have reached a contrary conclusion.  Id. (citing decisions from S.D.N.Y., N.D. Fla., C.D. Ill., E.D. Cal.).

Chief Judge Lange sided with the majority, noting that regarding implementation of FSA earned credits prior to January 15, 2022, Congress used the permissive word "may," not the mandatory word "shall."  Id. at p. 11.  Although the court noted that the BOP was evading the spirit of the FSA by not engaging in any phasing in prior to January 15, 2022, ultimately, Chief Judge Lange concluded that Congress' intent was clear:  by using the word "may," the BOP was given discretion as to when earned FSA time credits would be credited toward prisoners' early release so long as they do so fully no later than January 15, 2022.  Id.

The court agrees entirely with Chief Judge Lange's analysis.  As the BOP has taken the position that it will not apply FSA credits *until* January 15, 2022, Mr. Nielson's claim prior to that date is not ripe.  Or, another way of characterizing his claim is that he lacks standing:  he cannot show he has sustained an injury.  Id.  Accordingly, this court concludes it lacks subject matter jurisdiction over Mr. Nielson's claim.

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends granting respondent's second motion to dismiss [Docket No. 11] and dismissing Mr. Nielson's petition without prejudice for lack of subject matter jurisdiction.

**NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 17th day of May, 2021.

BY THE COURT:

*(signature)*

VERONICA L. DUFFY
United States Magistrate Judge