UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JEROD L. NIELSON, <br><br> Petitioner, <br><br> vs. <br><br> J.W. COX, in his capacity as Warden of Yankton Federal Prison Camp, <br><br> Respondent. | 4:21-CV-04047-KES <br><br><br> ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Petitioner, Jerod L. Nielson, brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket 1. Nielson seeks immediate redemption of his earned time credits under 18 U.S.C. § 3621(h)(4). *Id.* at 2. The petition was assigned to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), and this court's October 16, 2014, standing order. Respondent moves to dismiss. Docket 11. The Magistrate Judge entered a report and recommendation recommending that Nielson's petition be dismissed without prejudice for lack of subject matter jurisdiction. Docket 15 at 6. Nielson filed a response to the report and recommendation. Docket 18.

**STANDARD OF REVIEW**

The court's review of the Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's

recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

Here, the Magistrate Judge recommends that Nielson's petition be dismissed for lack of subject matter jurisdiction and relies on the ruling in *Holt v. Warden*, 4:20-CV-04064-RAL, 2021 WL 1925503 (D.S.D. May 13, 2021). Docket 19.

## DISCUSSION

Respondent states that Nielson has a projected release date of May 15, 2022, via an early release under 18 U.S.C. § 3621(e) for successful completion of the Residential Drug Abuse Program (RDAP).[1] Docket 12 at 2. Nielson is asking the court to order immediate application of 13.5 months of First Step Act (FSA) time credits because he completed evidence-based recidivism reduction (EBRR) programs. Docket 1 at 6-7. Respondent states that Jamison has completed 534 hours or 66.75 days of EBRR programming. Docket 12 at 17. Respondent further states that it has not yet determined whether the FSA time credits can be prorated, which may further reduce the amount of time credits that Nielson may be entitled to receive. *Id.*

---

[1] The successful completion of RDAP is already figured into the projected release date of May 15, 2022. *See* Docket 13 ¶ 4.

Respondent has taken the position that it has the discretion to determine whether the FSA time credit incentives will be implemented before the end of the 2-year phase-in period under the FSA—which covers the time-period until January 15, 2022. Docket 12 at 15-18. Before discussing that issue, however, the court must determine if it has jurisdiction under Article III of the United States Constitution.

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Two components of the Article III case-or-controversy requirement are the "closely related" concepts of standing and ripeness. *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009) (citation omitted). The ripeness inquiry in some cases may therefore "be characterized as standing on a timeline." *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). Whether a claim is ripe depends on "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbot Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967) (abrogated on other grounds by *Califano v. Sanders*, 430 U.S. 99 (1977)).

Rulemaking decisions by respondent are subject to judicial review, but adjudicative decisions in a specific case are not subject to judicial review. 18 U.S.C. § 3625; *see also Martin v. Gerlinski*, 133 F.3d 1076, 1079 (8th Cir. 1998). There has been no showing in this case to support a general challenge to the rulemaking of respondent on whether to allow FSA time credits for

3

various inmate activities, and if allowing FSA time credits, how many FSA time credits to allow for each day of activity.

Nielson is the proper party to bring this claim. But there is not at this time and might never be a time when Nielson has a valid claim that he will lose days of FSA time credits to which he is entitled under the FSA. Under respondent's calculation, currently Nielson would be entitled at the most to 66.75 days of FSA time credits for EBRR programming that he has currently completed. Because there is adequate time for the application of the earned FSA time credits after the latest date for implementation of the FSA of January 15, 2022, but well in advance of his projected release date of May 15, 2022, this claim is not ripe for adjudication and is dismissed without prejudice to the bringing of a claim when ripe, if that ever happens.

## CONCLUSION

Because Nielson's claim is not ripe, the court does not have jurisdiction under Article III of the United States Constitution to hear this claim. Additionally, because this matter is not ripe for adjudication, the court does not adopt the Magistrate Judge's report and recommendation dismissing this matter for lack of subject matter jurisdiction and Nielson's objections to the Magistrate Judge's Report and Recommendation are moot.

Thus, it is ORDERED:

1.    That respondent's motion to dismiss (Docket 11) is granted. Nielson's petition for writ of habeas corpus under 28 U.S.C. § 2241 is dismissed without prejudice.

4

2.      That the Magistrate Judge's report and recommendation (Docket

        15) is rejected.

3.      That Nielson's objection (Docket 18) is overruled as moot.

Dated August 27, 2021

                            BY THE COURT:

                            /s/ *Karen E. Schreier*
                            KAREN E. SCHREIER
                            UNITED STATES DISTRICT JUDGE